UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 6:19-cr-22-Orl-37DCI

BRYAN L. BREWER

_____

## ORDER

Before the Court is Defendant Bryan L. Brewer's motion for compassionate release. (Docs. 81, 86 (collectively, "**Motion**").) The Government opposes. (Doc. 87.) On review, the Motion is denied.

## I.   BACKGROUND

Mr. Brewer pled guilty to wire fraud, bank fraud, and money laundering. (Docs. 1, 37, 46.) He ran two different schemes, defrauding a bank and investors in his paddleboard company of millions of dollars. (Doc. 37, pp. 26–45.) He was sentenced to sixty months' imprisonment on December 16, 2019. (Docs. 67, 72.)

Mr. Brewer is currently incarcerated at FCI Petersburg Medium with an expected release date of February 11, 2025. (Doc. 87, p. 4.) He has served 13% of his full sentence and 15% of his statutory term. (*Id.*) FCI Petersburg Medium is suffering an outbreak of COVID-19: it has 42 inmates and 5 staff members who are infected, and one death.[1]

Mr. Brewer is 45 years old and suffers from hypertension, obesity, anxiety, and

---

[1] Fed.   Bureau   of   Prisons,   *COVID-19   Coronavirus   Cases*, https://www.bop.gov/coronavirus/ (last accessed October 23, 2020).

sleep terrors. (Doc. 86, pp. 13, 23; Doc. 86-1, pp. 3–4, 9.) He requested compassionate release from the Warden of his facility, but that request was denied on May 15, 2020. (Doc. 81-1.) So Mr. Brewer now asks the Court to order compassionate release. (Docs. 81, 86.) Briefing complete, the matter is ripe. (*See* Doc. 87.)

## II.    LEGAL STANDARDS

The statute governing compassionate release, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, prescribes the limited circumstances in which a court may modify a term of imprisonment. A court may grant a request for compassionate release if it finds: (1) the defendant has exhausted his administrative remedies with the Bureau of Prisons ("**BOP**"); (2) the relevant § 3553(a) factors support release; (3) extraordinary and compelling reasons warrant compassionate release; and (4) the defendant is not a danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. The defendant must show relief is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

The sentencing factors courts consider include the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," to afford adequate deterrence, and to protect the public. 18 U.S.C. § 3553(a). And the Sentencing Commission has listed four circumstances that qualify as "extraordinary and compelling": (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; or (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the

BOP. *See* U.S.S.G. § 1B1.13, cmt. n.1; *see also Klatch v. United States*, No. 8:17-cr-135-T-27JSS, 2020 WL 1694299, at *2 (M.D. Fla. Apr. 7, 2020).

### III.   ANALYSIS

At the outset, the Court notes it may proceed on the merits as the administrative requirement—the lapse of 30 days from the Warden's receipt of Mr. Brewer's request—has been met, as the Government concedes. (Doc. 81-1; Doc. 87, p. 12.)

But Mr. Brewer has not shown an extraordinary and compelling reason for his release. Compassionate release due to a medical condition "is an extraordinary and rare event." *See United States v. Rodriguez-Orejuela*, No. 03-CR-20774-MORENO, 2020 WL 2050434, at *5 (S.D. Fla. Apr. 28, 2020) (cleaned up). Neither anxiety nor sleep terrors are recognized by the Centers for Disease Control and Prevention ("**CDC**") as risk factors for COVID-19 and the CDC says hypertension *might* put an individual at an increased risk of severe illness from COVID-19.[2] And while obesity does put individuals at an increased risk, Mr. Brewer hasn't shown his conditions aren't being properly managed so these conditions aren't enough to warrant relief, even coupled with COVID-19. *See United States v. Scott*, No. 3:03-cr-343-J-32PDB, 2020 WL 6152640, at *1–2 (M.D. Fla. Oct. 20, 2020).

And even if Mr. Brewer had shown an extraordinary or compelling reason, the Motion is denied because the sentencing factors under 18 U.S.C. § 3553 do not favor release. Mr. Brewer was originally sentenced to 60 months' imprisonment for his crimes,

---

[2] *See* Ctrs. Disease Control & Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Nov. 4, 2020).

which defrauded numerous victims, and the Court's analysis under the § 3553(a) factors is unchanged today. (*See* Doc. 60, ¶¶ 26–79; Docs. 67, 72); *see also Rodriguez-Orejuela*, 2020 WL 2050434, at *7. Serving only about 15% of a five-year sentence undermines the need for a just sentence and one that that promotes respect for the law and is both a general and specific deterrent. (*See* Doc. 87, p. 4); *cf.* 18 U.S.C. § 3553(a).

The Court is mindful of the concerns of incarcerated individuals during the COVID-19 pandemic given the significant health risks to inmates confined in correctional facilities, especially those with any underlying medical conditions. The Court also notes the BOP's extensive and aggressive efforts to mitigate the spread of COVID-19 and maintain the safety and security of BOP institutions. (*See* Doc. 87, pp. 6–8); *see also* Fed. Bureau of Prisons, *COVID-19 Action Plan: Phase Five* (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp. Given these efforts, Mr. Brewer's failure to show an extraordinary and compelling reason, and the § 3553(a) factors, release is not warranted.

## IV.    CONCLUSION

It is **ORDERED AND ADJUDGED** that Defendant Bryan L. Brewer's motions for compassionate release (Docs. 81, 86) are **DENIED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 9, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
Defendant Bryan L. Brewer