UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   Case No. 6:19-cr-22-RBD-DCI

BRYAN L. BREWER
_____

## ORDER TO SHOW CAUSE

Before the Court is Defendant's motion to compel discovery and inspection (Doc. 395), which this Court denied via endorsement (Doc. 396), with this written Order explaining its reasoning.

Attorney Bryan Savy, Esq. recently made an appearance as one of the counsel of record for Defendant Bryan L. Brewer in connection with these highly contentious revocation proceedings. (Doc. 389.) On September 5, 2025, Mr. Savy submitted the instant motion (Doc. 395), seeking to compel the Government to turn over comprehensive discovery from U.S. Probation Officers, which Defendant asserts will support his allegation of misconduct against those officers (*see* Doc. 350).

Mr. Savy's motion, at best, fails to appreciate—or, at worst, misrepresents—the law related to discovery obligations of the Government and probation officers. First and foremost, the motion's overarching reliance on *Brady v. Maryland*, 373 U.S. 83 (1963), is misplaced. (*See* Doc. 395, p. 1.) *Brady* obligations have no

application in revocation proceedings. *See United States v. Ataya*, 145 F. App'x 331, 332 n.2 (11th Cir. 2005) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). Moreover, probation officers are not agents of the prosecution, nor are their documents considered to be in the custody of the Government. *See United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997); *United States v. Thomas*, 746 F. Supp. 3d 1392, 1394 (S.D. Fla. 2024).

So the entire premise of the motion is unsupported. If this misapprehension were the sole problem with Mr. Savy's motion, he might be faced with only a denial rather than this Show Cause Order. What is more unfortunate for him, and more troubling to the Court, is the fact that nearly every single case cite in Mr. Savy's twelve-page filing is incomplete, inaccurate, or made up. The most problematic portions are highlighted below:

**1.    The motion (Doc. 395, p. 2) references *United States v. Frazier*, 394 F.3d 612, 618 (8th Cir. 2005).** Mr. Savy quotes this case as saying: "The disclosure requirement of Rule 32.1 is not limited to evidence the government intends to use at the hearing." This case does not include this quotation and, in fact, has nothing to do with supervised release.

**2.    The motion (Doc. 395, p. 2) references *Brady v. Maryland*, 373 U.S. 83, 87 (1963).** Mr. Savy quotes *Brady* as follows: "[S]uppression by the prosecution of evidence favorable to the accused . . . violates due process where the evidence

is material either to guilt or to punishment." This quotation omits via ellipsis the words "upon request"—a likely important omission in this context.

3. **The motion (Doc. 395, p. 3) references *United States v. Hasting*, 461 U.S. 499, 505 (1983).** Mr. Savy quotes the case as follows: Federal courts possess "supervisory power over the administration of criminal justice in the federal courts." While this case does speak to supervisory power, the quoted language does not appear anywhere in the case. Similar language—but not this quote—appears in the concurrence, which is not cited.

4. **The motion (Doc. 395, p. 3) references *United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020).** Mr. Savy relies on this case for the proposition: "This includes the power to order discovery beyond Rule 32.1's requirements when necessary to ensure fairness." But the cited case does not discuss Rule 32.1 or probation or supervised release.

5. **The motion (Doc. 395, p. 6) references *United States v. Price*, 566 F.3d 900, 913 (9th Cir. 2009).** Mr. Savy cites this case for the proposition: "phone records are discoverable when relevant to showing coordination or bias." But this case has nothing to do with telephone records.

6. **The motion (Doc. 395, p. 7) references *United States v. Noel*, 708 F.3d 245, 254 (1st Cir. 2013).** This case is entirely fabricated and does not exist as cited.

7. **The motion (Doc. 395, p. 7) references *United States v. Safavian*,**

3

**435 F. Supp. 2d 36, 46 (D.D.C. 2006).** Mr. Savy quotes this case as saying: "The government must always produce any existing document which contains discoverable information." This quotation does not appear in that case.

8.  **The motion (Doc. 395, p. 8) references *United States v. Mmahat*, 106 F.3d 89, 94 (5th Cir. 1997).** This case is cited for the proposition: the "entire probation file is discoverable when material to revocation proceedings." This case was abrogated, and the subsequent history was not cited. Further, this case has nothing to do with probation files or revocation proceedings.

9.  **The motion (Doc. 395, p. 9) references *United States v. Siddiqui*, 235 F.3d 1318, 1323 (11th Cir. 2000).** Mr. Savy cites this case for the proposition: "computer audit logs [are] discoverable to show timing and access to evidence." The cited case does not stand for this assertion.

10. **The motion (Doc. 395, p. 10) references *United States v. Hernandez*, 183 F. Supp. 3d 468, 480 (S.D.N.Y. 2016).** This case is entirely fabricated.

In sum, the filing submitted by Mr. Savy is replete with citations to cases that do not exist; citations to cases that do not support or even relate to the propositions for which they are cited; and quotations of cases where the quoted language does not appear. These references appear to violate: Local Rule 2.01(b)(2)(c); Local Rule 2.01(e); Local Rule 3.01(a); Florida Bar Rule 4-1.1; Florida Bar Rule 4-1.6; Florida Bar Rule 4-3.1; Florida Bar Rule 4-3.3; and Florida Bar Rule

4

4-8.4. These misattributions appear to be typical of AI hallucinations, a rising problem faced by courts across the country. *See Coomer v. Lindell*, No. 22-CV-01129, 2025 WL 1865282, at *1, *8–9 (D. Colo. July 7, 2025); Jaclyn Diaz, *A Recent High-Profile Case of AI Hallucination Serves as a Stark Warning*, NPR (July 10, 2025) https://www.npr.org/2025/07/10/nx-s1-5463512 (listing fake cases, fake quotes from real cases, and real cases with unsupported propositions as main issues with using AI in court filings).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Bryan Savy, Esq. is **ORDERED TO PERSONALLY APPEAR AND SHOW CAUSE** why sanctions should not be imposed for the above violations, including but not limited to: fines; suspension from the Bar of the Middle District of Florida; referral to the Grievance Committee; referral to the Florida Bar; and/or any other applicable sanctions under the Court's inherent powers or other applicable authority. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) ("Courts have the inherent power to police those appearing before them.").

2. The hearing is set for **Thursday, October 2, 2025, at 10:00 a.m.** in Courtroom 4A of the Orlando Federal Courthouse. Defendant's presence is not required.

3. Mr. Savy is **DIRECTED** to provide a copy of this Order to Defendant.

4. Mr. Savy's motion to amend and refile his motion to compel (Doc. 397) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 11, 2025.



ROY B. DALTON, JR.
United States District Judge