UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:19-cr-22-RBD-DCI

BRYAN L. BREWER

_____

**ORDER**

Before the Court is Bryan D. Savy, Esq.'s response (Doc. 413) to the Court's Order to Show Cause (Doc. 398) why sanctions should not be imposed against him.

The Court ordered Mr. Savy's response in light of his filing of a motion to compel (Doc. 395) replete with unsupported attributions and citations to nonexistent authority. Nearly every cite his twelve-page filing was incomplete, inaccurate, or made up. (Doc. 398.) Specifically, ten cites in total in Mr. Savy's brief included fake cases, fake quotes from real cases, or unsupported propositions. (*Id.* at 2–4.) The Court held a show cause hearing, at which Mr. Savy admitted responsibility and apologized to the Court. (Doc. 410.) In his subsequent written response, Mr. Savy admitted that he used artificial intelligence ("AI") to draft the defective motion. (Doc. 413, p. 1.) In mitigation, he stated that he used Westlaw CoCounsel, another AI tool, to verify the citations—but the tool failed, which appears to be common with such tools. (*See id.*)

A court's inherent power to sanction is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). For inherent powers sanctions, the court must make a finding of subjective bad faith. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224–25 (11th Cir. 2017). Courts have found bad faith when attorneys submit AI-generated fictitious citations in filings. *E.g., Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters.*, No. 17-CV-81140, 2025 WL 1440351, at *5 (S.D. Fla. May 20, 2025). Courts may also, after hearing and for good cause, "disbar, suspend, reprimand, or otherwise discipline a member of the Middle District bar." Local Rule 2.04(a).

Here, Mr. Savy's use of Westlaw CoCounsel—another AI tool—does not excuse him from personally reviewing citations to determine that there is a "basis in law and fact" for a motion as required by Florida Bar Rule 4-3.1. While the Court recognizes Mr. Savy's acceptance of responsibility, his recklessness in relying on AI tools shows bad faith, so sanctions are proper. *See Purchasing Power*, 851 F.3d at 1225; *Versant Funding*, 2025 WL 1440351, at *5. So this matter will be referred to the Grievance Committee to further evaluate Mr. Savy's misconduct and the scope of potential sanctions as well as to the Florida Bar. In the meantime, Mr. Savy must provide a copy of this Order and the Show Cause Order to each

and every judge and opposing counsel in his cases to mitigate any harm from Mr. Savy's potential misuse of AI elsewhere.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. This matter is **REFERRED** to the Grievance Committee for the Middle District of Florida, Orlando Division, for a recommendation concerning the appropriate sanctions for Mr. Savy's conduct.

2. The Clerk is **DIRECTED** to provide copies of this Order and the Show Cause Order (Doc. 398) to the Florida Bar.

3. Mr. Savy is **DIRECTED** to provide copies of this Order and the Show Cause Order (Doc. 398) to each judge and opposing counsel in every case in which he is currently appearing.

4. The Show Cause Order (Doc. 398) is **DISCHARGED** at this time. The Court will evaluate what further sanctions are appropriate once it receives the recommendation from the Grievance Committee.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 7, 2025.



ROY B. DALTON, JR.
United States District Judge